NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND RICHARD WHITALL, | No. 20-16415 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01259-CRB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Raymond Richard Whitall appeals from the district

court's judgment dismissing his action alleging claims under 42 U.S.C. § 1983, the

Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We reverse and remand.

The district court dismissed Whitall's ADA and RA claims against defendant California Department of Corrections and Rehabilitation ("CDCR") for failure to state a claim. However, Whitall alleged that the CDCR knew of Whitall's need for a functional hearing aid, and on three separate occasions failed to provide a functional hearing aid in a timely manner despite multiple requests for replacement devices and batteries. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135, 1138-39 (9th Cir. 2001) (setting forth elements of an ADA and RA failure-to-accommodate claim; to recover monetary damages under the ADA and RA, a plaintiff must show intentional discrimination; intentional discrimination can be demonstrated if defendant had notice of the need for accommodation and failed to take necessary action despite repeated requests). The district court also dismissed Whitall's deliberate indifference claims against the individual defendants for failure to state a claim. However, Whitall alleged that these defendants ignored repeated requests to provide him with replacement batteries for his hearing aid, resulting in him being unable to function while in administrative segregation. *See Wilhelm*, 680 F.3d at 1123 (unnecessary delay in implementing prescribed treatment sufficient to plead deliberate indifference). The allegations against the

2

CDCR and the individual defendants, liberally construed, are "sufficient to warrant ordering [the defendants] to file an answer" as to these claims. *Id.* at 1116. We reverse the judgment, and remand for further proceedings on these claims only.

**REVERSED and REMANDED.**